[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Review of the File
This matter first came to the court by virtue of summons and complaint, which complaint was dated September 25, 2001 and returnable October 9, 2001 in which the plaintiff petitioner requested a dissolution of the marital union, a fair division of property and debts, alimony, child support, joint legal custody and a request that the minor children should reside with the plaintiff petitioner mother.
The defendant appeared by counsel pursuant to appearance filed October 12, 2001 and on October 12, 2001 the defendant filed an answer and a cross complaint in which cross complaint the defendant claimed a dissolution of the marriage, joint custody of the minor children with specific parenting plan in the best interest of the minor children, an allocation of debts, a fair and equitable property settlement and such other and further relief as this court may deem equitable.
On November 5, 2001, the parties presented to the court a lengthy four-page stipulation with regard to their agreement at that time, which agreement touched matters of custody pendente lite, support and allied matters and the same being approved by the court, Devine, J., at that time.
Financial affidavits were filed by the parties in the orderly progress of the matter.
The guideline worksheet filed on November 5, 2001 as to the issue of support provided that the defendant should pay the sum of $200.00 weekly for the support of the two minor children.
The plaintiff and the defendant appeared before the court on December 13, 2002 with their respective counsel. The court was advised that all issues, save two, were agreed by the parties and approved by their CT Page 16322 counsel and that only the following issues were reserved for decision by the court. The first issue left to the decision of the court touched on what notice the plaintiff should give to the defendant in the event that the plaintiff should relocate from her present home in Canterbury, Connecticut either in state or out of state. The second issue reserved to the court, again by agreement of the parties, was the issue of which party should receive the tax exemptions as concerns the two minor children, or in the alternative, how they should be allocated between the plaintiff and the defendant. All other issues were the subject of a lengthy, detailed separation agreement presented to the court and signed by both the plaintiff and the defendant and their respective attorneys.
The court makes the following findings:
The court finds that the plaintiff and the defendant were united in marriage on July 31, 1993 in Waterford, Connecticut; that the plaintiffs maiden name was Debra A. Stuchell; that both of the parties have lived in Connecticut for more than one year prior to the initiation of these proceedings; that the marriage between the plaintiff and defendant has broken down irretrievably with no reasonable prospect for reconciliation and the same is set forth in the separation agreement referred to. There are two minor children issue of this marital union; to wit, Daniel John Hensch born January 15, 1994 and Jacob Thomas Hensch born October 8, 1995. No other minor children have been born to the plaintiff wife from the date of the marriage to the present time. Neither party has been the recipient of welfare or assistance from the State of Connecticut or any town, city or municipality or subdivision thereof.
At the time of the hearing before the court, the parties provided financial affidavits, the dissolution of marriage report form, a guideline worksheet and an advisement of rights form executed by the defendant.
From the financial affidavit of the plaintiff, the court notes that her occupation is that of a waitress employed by Mary and Ailis Restaurant; that her gross weekly wage is $73.47; deductions therefrom of $ 16.93 for a net weekly wage of $56.54. In addition thereto estimated tips of $125.00 a week for a total net weekly income of $181.54. The plaintiffs weekly expenses as shown on her affidavit total $429.69. The plaintiff shows debts in the amount of $2,884.83. No real estate; no other assets reflected upon her financial affidavit.
The defendant's financial affidavit reflects that his occupation is that of a maintenance supervisor for Related Management Company of New York. Gross weekly wage, $894.52; deductions, $301.55 for a net of CT Page 16323 $592.97. Claimed weekly expenses, $941.51. Debt of the defendant, $10,705.00. No real estate. Two automobiles, total equity, $3,200.00. Two other older automobiles and personalty listed at $1,300.00; $135.00 in the bank, a 401K valued at $8,517.43.
A separation agreement presented to the court for acceptance reflects that there shall be joint legal custody of the minor boys with the plaintiff mother being the primary custodial parent. Reasonable rights of visitation as spelled out in detail in the lengthy separation agreement. Child support in the amount of $204.00 a week, which appears to be in accordance with the guideline worksheet presented to the court.
The agreement appears to cover Public Act 02-128 whereby the court retains jurisdiction for post-majority educational support.
Alimony in category 5A of the agreement is that the defendant shall pay the plaintiff $1.00 a year conditioned on certain lengthy detailed provisions all as set forth within the confines of the agreement and in category 5B an obligation to pay $1.00 a year alimony may rest on the plaintiff subject to conditions in said separation agreement of December 13, 2002. Any Cobra payments that the defendant may be required to make for the benefit of the plaintiff may constitute alimony payments from the defendant to the plaintiff as set forth in category 5C of the noted separation agreement.
The agreement provides for medical, health insurance for the benefit of the minor children and that the defendant shall maintain such medical health insurance coverage in accordance with the tenor of the agreement and incident to the conditions stated therein. Unreimbursed medical, health or dental expenses are apportioned equally between the parties as concerns anything that may be due above and beyond the coverage presently in place. The agreement also provides for daycare expenses.
The agreement treats an obligation on the plaintiff to apply for Husky insurance coverage and for Cobra benefits for the plaintiff.
The agreement refers to the preparation of a Qualified Domestic Relations Order document relative to the plaintiffs receipt of a one-half share of the defendant's 401K. The agreement touches on and treats automobiles as between the parties, bank accounts, personalty, debts, life insurance.
Both the plaintiff and the defendant testified as to the irretrievable breakdown of the marital union. CT Page 16324
As indicated, the two reserved issues to the court are notice as to relocation, either in state or out of state, and tax exemptions as concerns the two minor boys.
Incident to those issues, the plaintiff testified that she would be willing to give the defendant 30-day notice of any intention on her part to relocate to another location within the state of Connecticut and 120 days notice in the event that she were to relocate out of the state. The plaintiff acknowledged that an important consideration with regard to relocation would be the possible disruption of the children's schooling, established friends and contacts in the community.
The plaintiff suggested or requested of the court that she be assigned one exemption and that the defendant receive the other. The plaintiff apparently is presently considering moving from her home in Canterbury to Norwich.
The plaintiff is presently apparently residing with a friend. The plaintiff represented that her friend had a good relationship with the two minor boys. The plaintiff indicated that her present home in the town of Canterbury was a location that she was desirous of leaving in as much as she felt that the location and environment there was not conducive to the best interest of the two minor children who are presently in the second and third grade respectively, in the Canterbury school system. Apparently the eight year old child is an intellectually gifted child according to the testimony. The plaintiff feels that the school district setting in Norwich would be a better and more appropriate one for the two children.
The plaintiff is age 38 and characterized her health as good. The defendant is age 34 and characterized his health as excellent.
According to the testimony of the plaintiff, the defendant from her vantage point does not involve himself with the boys as much as she would hope for. The court is requested to consider with regard to relocation a 20-mile radius in the event that there should be relocation within the state.
The plaintiff and the defendant have been separated, one from the other, for the last 2-1/2 years.
The defendant's concern with regard to the matter of tax exemptions is that the exemption should not, in his words, be wasted by virtue of the extremely modest financial circumstances of the plaintiff.
The court made careful inquiry of both the plaintiff and the defendant CT Page 16325 and their counsel as concerns the terms and conditions of the lengthy detailed separation agreement dated December 13, 2002 and the court will accept the same.
As concerns the two issues reserved to the court, the court on the basis of the testimony elicited at the time of the hearing, the nature and tenor of the separation agreement, and allied considerations, orders that in the event that the plaintiff shall relocate from her present residence and home in Canterbury to another location within the geographical confines of the state of Connecticut that she shall give the defendant 60 days notice. In the event that the plaintiff anticipates relocating with the children outside the geographical confines of the state of Connecticut, she shall give the defendant 120 days notice thereof.
As concerns the matter of the tax exemptions, on the basis of the financial affidavits presented to the court at this time, the court grants both exemptions for the dependent two children, Daniel John Hensch and Jacob Thomas Hensch, to the defendant. At such time as the plaintiffs income exceeds $12,500.00 annually, the issue may be revisited and considered by the court at that time.
The marital union of the parties is herewith dissolved and the parties are declared to be single and unmarried.
The lengthy separation agreement is herewith incorporated by reference and the court accepts the terms and conditions set forth therein and directs that counsel prepare the judgment file.
The court notes the completion by both the plaintiff and the defendant of the parenting plan on the basis of the forms reposing in the file.
___________________ Austin, J. CT Page 16326